WILSON, Appellant,

v.

OHIO DEPARTMENT OF REHABILITATION & CORRECTION, Appellee.

[Cite as *Wilson v. Ohio Dept. of Rehab. & Corr.* (1996), 111 Ohio App.3d 605.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96API01–91.

Decided Sept. 5, 1996.

*Kenneth Jay Wilson, pro se.*

*Betty D. Montgomery,* Attorney General, and *Rosa P. Wright,* Assistant Attorney General, for appellee.

---

TYACK, Judge.

On August 18, 1995, Kenneth Jay Wilson, an inmate of the Southern Ohio Correctional Facility in Lucasville, filed a "form complaint" in the Ohio Court of Claims. At the heart of his complaint was a grievance that the Ohio Department of Rehabilitation and Correction "failed negligently * * * to provide [him] and other similarly situated inmates with adequate underclothing * * *." Specifically, he alleged:

" * * * [T]hree pairs of socls [*sic* ], * * * three pairs of * * * underwear, and * * * three pairs of T–shirts * * * is inadequate compared to the days in which Laundry is scheduled to be washed, which are Tuesdays and Wednesdays."

In an effort to have the filing fee waived due to his claimed indigency, Wilson also filed an application to proceed *in forma pauperis.* The application included an affidavit requiring him to identify, *inter alia,* any funds on deposit or other financial resources.

On November 13, 1995, the Court of Claims journalized an entry indicating that Wilson's affidavit was incomplete in that it failed to include "any information as to monies held in his prison account or any monies received for prison labor or any other source." Accordingly, the court ordered Wilson to pay the filing fee or, alternatively, to file an "affidavit of indigency accompanied by [a prison] cashier's statement." The entry cautioned Wilson that failure to comply with the court's order on or before November 17, 1995 would result in dismissal pursuant to Civ.R. 41.

When Wilson allegedly failed to comply with the court's order, the Court of Claims entered an order on December 13, 1995 dismissing his action without prejudice.

Wilson has timely appealed, assigning a single error for our consideration:

"The Court of Claims committed reversiable [*sic* ] error when it dismissed plaintiff-appellant's petition as frivolous."

While the Court of Claims noted that Wilson's "filing appears to be frivolous[,]" the court did *not* dismiss his action based upon such a finding. The court expressly stated that Wilson's complaint was being dismissed for failure to comply with the court's order requiring payment of the filing fee or, in the

alternative, the requested affidavit and prison cashier's statement. The court cited Loc.R. 3(B), which provides:

"Poverty affidavit. The clerk shall accept for filing all complaints accompanied by a poverty affidavit which states specific reasons for the inability to pay the filing fee. * * * The clerk or *the court may at any time require additional information* and a hearing, or both, *to determine the validity of the poverty affidavit.*" (Emphasis added.)

Loc.R. 3(B) clearly allows the Court of Claims to "require additional information" if it deems an affidavit of indigency to be incomplete. Further, Civ.R. 41 allows a trial court to dismiss an action for failure to comply with an order of the court. However, the record before us establishes that Wilson had indeed provided the requested information already. In fact, Wilson had completed and filed the necessary documents prior to the court's November 13, 1995 entry ordering him to do so. Thus, the court erred in dismissing his complaint for failure to comply with the order.

As indicated above, Wilson filed an application to proceed *in forma pauperis* simultaneously with his form complaint in August 1995. The affidavit section provides complete answers to all applicable questions, including, specifically, Wilson's $17 monthly prison income. Further, an "authorized officer of [the] institution" completed and certified the section pertaining to Wilson's prison account. The officer indicated that Wilson had no money to his credit at the present time and had an average balance of $3.10 during the immediately preceding six months.

Since the Court of Claims improperly dismissed Wilson's complaint, we sustain the assignment of error.

Having sustained the assignment of error, we reverse the judgment of the Court of Claims and remand the cause for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and CLOSE, JJ., concur.